ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 MAY 13 AM 10: 11

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| KEITH L. FERGUSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 313-027 |
| | ) | |
| JASON MEDLIN, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Wheeler Correctional Facility ("WCF") in Alamo, Georgia, brought the above-captioned pursuant to 42 U.S.C. § 1983. On April 23, 2013, the Court granted Plaintiff permission to proceed *in forma pauperis* ("IFP") and additionally directed him to file an amended complaint due to filing deficiencies in his original complaint. (Doc. no. 3.) Plaintiff timely submitted an amended complaint on May 7, 2013. (Doc. no. 7.)

Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof,

that is frivolous or malicious or that fails to state a claim upon which relief may be granted.[1] 28 U.S.C. §§ 1915(e) & 1915A. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that this action be **DISMISSED**.

I.  **BACKGROUND**

Plaintiff names the following Defendants in his amended complaint: (1) Jason Medlin, the Warden at WCF; (2) Melody Turner, the C.E.O. of the Corrections Corporation of America; (3) Brian Owens, the Commissioner of the Georgia Department of Corrections; (4) Nathan Deal, the Governor of the State of Georgia; and (5) Jane and John Does. (Doc. no. 7, pp. 1, 4.)

As an initial matter, the Court notes that the bulk of Plaintiff's amended complaint is nonsensical and difficult to comprehend. Based on what can be gleaned from the statement of his claim and the "Truth Affidavit in the Nature of Supplemental Rules for Administrative and Maritime Claim Rule C(6)" that he has attached thereto, Plaintiff appears to assert that he is a "fiction without any form or substance" and that he has acquired a copyright as to that fiction, which he continues to refer to as "Keith L. Ferguson." (See id. at 5, 7-10.) In other words, Plaintiff contends that he has copyrighted himself. (Id.) Notably, the "Truth Affidavit" that Plaintiff has provided, although typewritten and styled

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he is unable to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee. Notably, although Plaintiff persists in asserting that he is somehow "exempt from levy" (see doc. no. 2, p. 1; doc. no. 4, p. 1), his return of the requisite forms obligates him to pay the filing fee in full, as the Court previously explained. (See doc. no. 3, p. 1 n.2.)

2

as an official government document, appears to have been entirely drafted by Plaintiff and refers to no recognizable federal or state law.[2] (Id. at 7-10.)

As to Plaintiff's substantive claims, such that they can be ascertained, Plaintiff first alleges that, on January 22, 2013, he filed a grievance concerning "some goods and services" that Defendants have been allegedly "withholding" from him. (Id. at 5.) Plaintiff also asserts that he received a response to his grievance from Defendant Medlin on March, 13, 2013, and that Defendant Medlin told him that his grievance had no merit. (Id.) Although Plaintiff's allegations thereafter quickly degenerate into dense and incomprehensible references to terminology apparently relating to secured transactions and metaphysics,[3] Plaintiff generally appears to allege that Defendants have violated his constitutional rights by either depriving him of his personal property or by using his supposedly copyrighted name in some unspecified capacity. (Id.) Notably, it is unclear whether Plaintiff equates the allegedly improper use of his name with the deprivation of his personal property, although the Court acknowledges the possibility that such is the case. In his request for relief, Plaintiff seeks monetary damages in the form of "silver specie" -- a currency with which the Court is not familiar -- a declaration that Defendants violated his rights, a jury trial, and any other relief that the Court deems proper. (Id. at 6.)

---

[2] Indeed, the last page of the "Truth Affidavit" contains an overt statement indicating that it was prepared by Plaintiff. (See doc. no. 7, p. 10.)

[3] For instance, Plaintiff asserts, "[Defendants] have lodged charges against a fictional person, being my all-capitalized trust association in order to hold me as surety and substance (collateral) for a false-body politic, being a corporation - whom I specifically and negatively deny existence thereof." (Doc. no. 7, p. 5.)

3

## II. DISCUSSION

### A. Failure to Disclose Prior Case

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[4]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

To that end, the "Form to Be Used by Prisoners Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia" requires that prisoner plaintiffs disclose: (1) whether they have brought other federal lawsuits while incarcerated, (2) whether they were allowed to proceed IFP in any such lawsuits, and (3) whether any such suit was dismissed on the ground that it was frivolous,

---

[4] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

4

malicious, or failed to state a claim.[5] (Doc. no. 7, pp. 1-3.) Under penalty of perjury, Plaintiff stated that he has never before brought any lawsuit in federal court. (Id. at 1-3, 6.) However, the Court is aware of at least one § 1983 case that Plaintiff previously filed in federal court. See Ferguson v. Medlin, CV 113-1036 (N.D. Ga. Mar. 29, 2013) (hereinafter "CV 113-1036"). Notably, Plaintiff signed the complaint in that case on March 15, 2013, nearly six weeks prior to filing his amended complaint in the instant case.[6] See id., doc. no. 1. Thus, Plaintiff clearly provided false information about his prior filing history in his complaint.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

---

[5]Under the question concerning whether a prisoner plaintiff has brought any lawsuits in federal court dealing with the facts other than those involved in this action, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each such lawsuit, and if there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Doc. no. 7, p. 2.)

[6]In CV 113-1036, the Honorable Russell G. Vineyard, United States Magistrate Judge, has entered a Report and Recommendation recommending that the case be dismissed based on Plaintiff's failure to prosecute and his failure to obey a court order. See CV 113-1036, doc. no. 9.

5

Rivera, 144 F.3d at 731 (citations omitted).[7] Therefore, the instant case is subject to dismissal based on Plaintiff's failure to disclose his prior case.[8]

**B.  Failure to State a Claim**

Even if the case were *not* subject to dismissal based on Plaintiff's dishonesty in filing his complaint, Plaintiff also fails to present any viable claim upon which relief might be granted.

First, *liberally* construing Plaintiff's allegations in his favor and granting him the

---

[7]The court in Parker thoughtfully ruled as follows:

> The sophistication of [p]laintiff's substantive arguments and his knowledge of the procedural rules convince this Court that [p]laintiff understands the severity of not revealing the truth to the Court. This Court has the authority to control and manage matters such as this pending before it. This Court firmly believes that [p]laintiff must be forced to conform to acceptable standards in approaching this Court.
>
> This Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here [p]laintiff has falsely responded [by denying the existence of prior lawsuits] to Question (B) in Section IV, entitled "Previous Lawsuits."
>
> Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case without prejudice and warn [p]laintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions in the future. For now, this case will be dismissed for [p]laintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.

Rivera v. Parker, Case No. 96-325-Civ-J-10, doc. no. 4 (M.D. Fla. May 2, 1996).

[8]The practice of dismissing a case as a sanction for providing false information about prior filing history has previously been utilized in the Southern District. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006).

6

benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that, to the extent that he intends to do so, Plaintiff has failed to state a viable § 1983 claim against Defendants based on his allegations concerning the alleged withholding of his personal property. (Id. at 5.) The Eleventh Circuit Court of Appeals has explained that the State's seizure and retention of an individual's property does not give rise to liability under § 1983 "if a meaningful postdeprivation remedy for the loss is available." Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir. 1991) (quoting Hudson v. Palmer, 468 U.S. 517, 533 (1984)). For example, where state law provides an adequate postdeprivation remedy for the loss of property, a § 1983 due process claim will not lie. Id. (holding that existence of Georgia state law claim for conversion of property precluded § 1983 due process claim against state officers for unlawfully seizing and retaining plaintiff's property); see also Morefield v. Smith, 404 F. App'x 443, 445 (11th Cir. 2010) (*per curiam*) (rejecting § 1983 due process claim against prison officials for seizure of plaintiff's property where plaintiff "had an adequate post-deprivation remedy under state law because he could pursue a tort action for conversion of his personal property").

Here, Plaintiff's attempt to assert a § 1983 claim relating to the loss of his property fails because Georgia law provides an adequate postdeprivation remedy for such a claim. As noted by the Eleventh Circuit Court of Appeals in Lindsey, O.C.G.A. § 51-10-1 provides a postdeprivation remedy in the form of a statutory state law conversion action. 936 F.2d at 561. Moreover, this state law authorizes claims against state officials for wrongfully depriving an individual of personal property. Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987) (noting that O.C.G.A. § 51-10-1 constitutes "an adequate postdeprivation remedy

7

when a plaintiff claims that the state has retained his property without due process of law"). Because Georgia law provides Plaintiff with an adequate postdeprivation remedy, Plaintiff's allegation relating to the withholding of his personal property fails to state a viable § 1983 claim.[9]

As to the remainder of Plaintiff's claims – those concerning his supposed efforts to copyright the fictional embodiment of his person in order to impose liability on Defendants for using his name (see doc. no. 7, p. 5) – the Court declines to further entertain such overtly frivolous claims.[10] Plaintiff's puzzling assertion that he has somehow copyrighted himself is not indicative of his having ascertained any discernible legal right, and his "Truth Affidavit" – which he himself drafted and prepared – does nothing to bolster his clearly meritless claims. (Doc. no. 7, pp. 5, 7-10.) Moreover, notwithstanding the fundamentally vacuous nature of his allegations, the incomprehensibility of Plaintiff's complaint is such that it is entirely unclear what sort of improper usage of his name he even alleges Defendants to

---

[9]The Court additionally notes that Plaintiff has provided absolutely no comprehensible details as to what property Defendants allegedly withheld or the circumstances under which such withholding allegedly took place. Instead, Plaintiff merely offers the markedly vague assertion that he "filed a grievance concerning some goods and services that [Defendants] withheld from [him]." (Doc. no. 7, p. 5.)

[10]Under § 1915, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citation and quotation omitted). Complaints "describing fantastic or delusional scenarios" are thus correctly deemed frivolous. Id. at 1349. The Eleventh Circuit has also explained that a complaint is frivolous "when it appears the plaintiff has little or no chance of success." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*) (citations omitted). Thus, the Court properly dismisses those of Plaintiff's claims which patently lack merit or "realistic chances of ultimate success." Carter v. Ingalls, F. Supp. 834, 835 (S.D. Ga. 1983) (Bowen, J.) (citing Jones v. Ault, 67 F.R.D. 124, 129 (S.D. Ga. 1974)).

have engaged in. (Id. at 5.) Accordingly, Plaintiff's attempt to assert a claim against Defendants based on their allegedly improper usage of his supposedly copyrighted name is frivolous, in that Plaintiff presents nothing more than "fantastic or delusional scenarios," and the claim is subject to dismissal on that ground. Bilal, 251 F.3d at 1349.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of May, 2013, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE